UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                               Case No. 05-12028-DHW
                                                    Chapter 13
RUTHEL TARVER, JR.
JESSIE RUTH TARVER,

            Debtors.

RUTHEL TARVER, JR.
JESSIE RUTH TARVER,

            Plaintiffs,                             Adv. Pro. No. 07-1033-DHW
    v.

CITIFINANCIAL AUTO, LTD.,

            Defendant.


MEMORANDUM OPINION

The debtors, Ruthel and Jessie Tarver, filed this adversary proceeding on February 16, 2007 alleging a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. The alleged violation arises from a consumer credit transaction with Bill Heard Chevrolet in May 2000 in which the plaintiffs purchased a 2000 Chevrolet C-1500 Silverado. The contract/security agreement was assigned to the defendant CitiFinancial Auto, Ltd. ("CitiFinancial").

CitiFinancial filed a motion to dismiss contending that the complaint is barred by the applicable statute of limitations and by the doctrines of judicial estoppel and res judicata. The motion to dismiss came

on for hearing on April 26, 2007. The court took the motion under advisement on briefs and arguments of counsel.[1]

## Jurisdiction

The court's jurisdiction in this adversary proceeding is derived from 28 U.S.C. 1334 and from a general order of the United States District Court for this district referring title 11 matters to the Bankruptcy Court. This is a core proceeding under 28 U.S.C. § 157(b)(2)(C) because it is a counterclaim to the proof of claim filed by the defendant. Therefore, the court's jurisdiction extends to the entry of a final order or judgment.

## Undisputed Facts

The debtors purchased a 2000 Chevrolet C-1500 Silverado from Bill Heard Chevrolet Co. on May 25, 2000. The contract was payable in 66 monthly installments with the first payment due July 9, 2000. The debtors purchased Guaranteed Automobile Protection ("GAP") insurance for an additional $395. Arcadia financed the transaction. The contract was assigned to CitiFinancial.

The debtors filed a petition under chapter 13 of the Bankruptcy Code on September 21, 2005 and listed CitiFinancial as a secured creditor. The debtors did not schedule the debt as contingent, disputed, or unliquidated. The debtors did not disclose this potential lawsuit on Schedule B, Personal Property. CitiFinancial filed a proof of claim in the amount of $2,763.45 plus interest. The debtors proposed to pay the claim in 30 specified monthly payments of $174 at the rate of 10% interest. An order entered on December 12, 2005 confirming the plan.

---

[1] In brief, the defendant has cited this court to *Sallings v. General Motors Acceptance Corp. (In re Sallings)*, 357 B.R. 646 (Bankr. N.D. Ala. 2007) and *Graves v. First Educators Credit Union (In re Graves)*, 2007 WL 824059 (Bankr. N.D. Ala. March 14, 2007), two cases with a similar issue decided by judges in the Northern District of Alabama.

2

The debtors filed this adversary proceeding on February 16, 2007. The debtors allege that CitiFinancial failed to make proper disclosures relating to the GAP insurance and that the finance charge and annual percentage rate were understated by more than the allowable tolerance under TILA. Paragraphs one and four of the complaint seek damages "by way of recoupment." The final paragraph requests an affirmative judgment for statutory damages, attorney's fees, and costs.

The debtors amended Schedule B on March 28, 2007 to disclose the TILA action, stating that the action was unknown to the debtors at the time the petition was filed.

## Statute of Limitations

CitiFinancial first contends that the complaint is barred by the applicable statute of limitations under TILA. 15 U.S.C. § 1640(e) provides as follows:

> Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.

The debtors do not dispute that the one-year period for bringing an affirmative action under TILA has expired. However, the debtors contend that they are asserting the TILA violation defensively by way of recoupment in an action to collect the debt. Therefore, the one-year period does not apply.

3

CitiFinancial counters that the complaint requests affirmative relief and not recoupment against the creditor's claim. However, paragraphs one and four of the complaint request damages "by way of recoupment." Despite the request for affirmative relief in the final paragraph of the complaint, the debtors have made clear in brief that they seek damages only by way of recoupment against the creditor's proof of claim.

CitiFinancial further argues that despite the rhetoric of the complaint, the debtors are not asserting this action defensively to the creditor's proof of claim. CitiFinancial cites to the Eleventh Circuit case of *Smith v. American Fin'l Systems, Inc. (In re Smith)* 737 F.2d 1549 (11th Cir. 1984) in support. *Smith* was decided before the statute of limitations in TILA was amended to except recoupment actions from the one-year limitations period. The Eleventh Circuit looked to the common law and applied the Supreme Court case of *Bull v. United States*, 295 U.S. 247 (1935) to a bankruptcy setting.

In *Smith*, the debtor had filed a chapter 13 case and listed the debt to American Financial Systems ("AFS") as disputed,

> contending that she was entitled to rescission and to statutory damages. . . . AFS counterclaimed for the amount of the debt, which was in default. Smith filed a "counterclaim" to AFS's counterclaim seeking "recoupment" of money damages for violations of TILA from any judgment that might be awarded to AFS on the debt.

*Smith*, 737 F.2d at 1551. The statute of limitations under TILA had expired. The Court held that the debtor could not recoup her damages because, under the facts of the case, she had failed to meet the elements of *Bull*. In *Bull*, the Supreme Court stated:

> recoupment is in the nature of a defense [1] arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a [2] defense is never barred by

4

Case 07-01033    Doc 20    Filed 06/28/07    Entered 06/28/07 12:03:29    Desc Main
Document    Page 4 of 13

the statute of limitations so long as the [3] main action itself is timely.

*Bull*, 295 U.S. at 262 (numbers added). The Eleventh Circuit deemed it unnecessary to determine whether the debtor's TILA claim arose from the same transaction as the creditor's claim because, under the facts of the case, the debtor was not "asserting her claim as a *defense*," and the "main action" was not timely. *Smith*, 737 F.2d at 1553. Therefore, the debtor had failed to meet elements two and three of *Bull*. The court reasoned that

> Smith haled [sic] AFS into court seeking monetary damages and rescission. Only then did AFS assert its claim on the underlying obligation. Smith is now attempting to assert her time-barred affirmative claim as a counterclaim; this change of labels does not effect a change in the essential character of the action. . . . In this case, . . . the "main action" was the action initiated by Smith as the original plaintiff in this case.

*Smith*, 737 F.2d at 1554.

As stated above, *Smith* was decided before the statute of limitations in TILA was amended to except recoupment and set-off actions from the one-year period of limitations. Therefore, *Smith* does not control this case. This case is instead controlled by the language of the statute of limitations, as amended. The statute requires merely that the TILA violation be asserted "as a matter of defense by recoupment or set-off" in "an action to collect the debt." 15 U.S.C. § 1640(e).

The debtors have clarified that they seek relief only as a matter of defense by recoupment against the creditor's proof of claim.[2] Recoupment

---

[2] *See Ferris v. Chrysler Credit Corporation (In re Ferris)*, 764 F.2d 1475 (11th Cir. 1985) where the Eleventh Circuit held that an adversary proceeding filed by the debtors under a state consumer finance statute was in the nature of a

5

Case 07-01033   Doc 20   Filed 06/28/07   Entered 06/28/07 12:03:29   Desc Main
Document      Page 5 of 13

is appropriate because the TILA claim and the creditor's claim both arose from the same transaction. *Plant v. Blazer Financial Services, Inc.*, 598 F.2d 1357 (5th Cir. 1979); *see Heaven v. Trust Co. Bank*, 118 F.3d 735 (11th Cir. 1997) (relying on *Plant* in an action alleging violations of the Consumer Leasing Act). The question arises, is the filing of a proof of claim an action to collect a debt? The Fifth Circuit has answered the question in the affirmative. *See Coxson v. Commonwealth Mortgage Co. (In re Coxson)*, 43 F.3d 189 (5th Cir. 1995).

In *Coxson*, the debtors filed a TILA action in the bankruptcy court after the creditor filed a claim and attempted to foreclose the debtors' interest in their home. The court noted that the claims arose from the same transaction and stated that the "mere fact that the [debtors] were the plaintiffs in the case below does not preclude the finding that their TILA claim was raised defensively." *Id.* at 194. This court finds the reasoning in *Coxson* persuasive. Therefore, the debtors may proceed in this adversary proceeding by way of recoupment against the creditor's claim.

The court would reach the same result even if *Smith* controlled this case. The *Smith* court was faced with the difficult task of applying *Bull* in a bankruptcy context. It is a bit akin to fitting a square peg into a round hole. For instance, what constitutes the "main action" in a bankruptcy case – the filing of the case or the filing of a proof of claim? Though *Smith* held that the debtors could not recoup the time-barred money damages, *Smith* limited its holding to the "circumstances of this case" and declined to "decide whether a debtor generally may recoup such damages." *Smith*, 737 F.2d at 1551.

The circumstances of the case *sub judice* are factually distinctive from *Smith*. In *Smith*, one month after filing the chapter 13 petition, the debtor sent a rescission notice to the creditor. After receiving no response, the debtor scheduled the debt as a disputed claim, asserting the right to rescission and statutory damages. However, in the case *sub judice*, the

---

counterclaim against the creditor's proof of claim.

debtors do not dispute the amount of their underlying debt to the creditor. They have not sought rescission. Indeed, they proposed to pay the debt through the chapter 13 plan. They have simply counterclaimed for the TILA violation and seek relief only by recoupment.

Yet, the debtors have requested both statutory damages and attorney's fees. However, the attorney's fees are not subject to setoff against the creditor's claim. *Plant v. Blazer Financial Services, Inc.*, 598 F.2d 1357 (5th Cir. 1979). Because the fees are not subject to setoff, they constitute affirmative relief. The affirmative components of the action are time-barred. *Randall v. Bank One (In re Randall)*, 358 B.R. 145 (Bankr. E.D. Pa. 2006).[3] Therefore, the motion to dismiss will be granted as to the debtor's request for attorney's fees. This result is not out of keeping with the claims objection process. The Bankruptcy Code has no fee shifting provisions for a debtor's attorney who successfully objects to a creditor's claim.

## Judicial Estoppel

CitiFinancial next contends that the complaint is barred by the doctrine of judicial estoppel. CitiFinancial reasons that prosecution of the TILA claim is inconsistent with the debtors' initial omission of the claim from the bankruptcy schedules which were signed under penalty of perjury.

Judicial estoppel is an equitable doctrine invoked at a court's discretion. *New Hampshire v. Maine,* 532 U. S. 742, 750, 121 S. Ct. 1808, 1815, 149 L. Ed. 2d 968 (2001). Its purpose "is 'to protect the integrity of the judicial process' . . . by 'prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" *Id.* at 749-50 (citations omitted). In the Eleventh Circuit "[j]udicial estoppel is applied to the calculated assertion of divergent sworn positions. The doctrine is

---

[3] *See In re Martinez*, 2007 WL 1174186, *6 n.5 (Bankr. S.D. Tex. April 19, 2007) ("the Court will not go so far as to conclude that the request for attorney's fees [under TILA] is part of a defense").

7

designed to prevent parties from making a mockery of justice by inconsistent pleadings." *American Nat'l Bank v. Federal Dep. Ins. Corp.*, 710 F.2d 1528, 1536 (11th Cir. 1983) (citation omitted).[4]

The doctrine "applies in situations involving intentional contradictions, not simple error or inadvertence." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir. 2002).[5] The doctrine does not apply when the prior position was taken because of "a good faith mistake rather than as a part of a scheme to mislead the court." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3rd Cir. 1996).

In the instant case, the defendant has not shown that the debtors had actual knowledge of the potential cause of action when the bankruptcy case was filed. Indeed, the debtors allege in brief to the contrary. Shortly after filing this adversary proceeding, the debtors amended Schedule B to disclose the cause of action.

---

[4] Although not an exhaustive list, the Supreme Court has enumerated factors that courts should consider in deciding whether the doctrine of judicial estoppel should be invoked. They include: 1) whether the position espoused in the present case is "clearly inconsistent" with the position previously taken; 2) whether the tribunal was persuaded to accept the earlier position so that acceptance of the inconsistent position in the later proceeding creates a perception that the court was misled; and 3) whether the party advancing the position would gain an unfair advantage over the opposing party. *New Hampshire*, 532 U.S. at 750-51, 121 S. Ct. at 1815.

[5] *See also American Nat'l Bank*, 710 F.2d at 1536 (holding the doctrine applies to the "calculated assertion" of inconsistent positions); *Browning Manufacturing v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 206 (5th Cir. 1999) (holding the doctrine is generally applied when "intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suiters seeking justice"); *In re Cassidy*, 892 F.2d 637, 642 (7th Cir. 1990) (holding that the doctrine is not invoked "where the former position was the product of inadvertence or mistake").

Therefore, the debtor's prior position (omission) was not "part of a scheme to mislead the court."[6] The debtor was simply unaware of the cause of action when the petition was filed. The debtor did not engage in the "calculated assertion of divergent sworn positions."[7] The inconsistent position does not make a mockery of the justice system. The debtor did not intentionally mislead either the parties or the court.

The court concludes that judicial estoppel does not bar the debtor's prosecution of the cause of action.

Res Judicata

CitiFinancial last contends that the TILA claim is barred by the doctrine of res judicata. CitiFinancial asserts that because the TILA claim was not raised prior to confirmation, the order confirming the plan bars consideration of the TILA claim.

To prevail on a claim of res judicata, the defendant must prove the following: "(1) there was a prior judgment on the merits, (2) entered by a court of competent jurisdiction, (3) with substantial identity of the parties, (4) involving the same cause of action. *NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir.1990)." *Southeast Florida Cable, Inc. v. Martin County*, 173 F.3d 1332, 1336 (11th Cir. 1999). Res judicata bars not only "claims that were raised in the prior action" but also "claims that could have been raised." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003).

> The purpose behind the doctrine of res judicata is that the 'full and fair opportunity to litigate protects [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial

---

[6] *Ryan Operations,* 81 F.3d at 362.

[7] *American Nat'l Bank,* 710 F.2d at 1536.

action by minimizing the possibility of inconsistent decisions.' *Montana v. United States*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

*Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). The Eleventh Circuit has enunciated the following test for determining whether the prior and present causes of action are the same:

> In the Eleventh Circuit, "[t]he principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case. In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." *Citibank*, 904 F.2d at 1503 (citations omitted). "It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Id*.

*Ragsdale*, 193 F.3d at 1239. The Eleventh Circuit further expounded:

> But the test for "common nucleus of operative fact" as defined for purposes of res judicata is not simply one of whether the two claims are related to or may materially impact one another. The underlying core of facts must be the same in both proceedings. Quite simply:
>
> "The issue is not what effect the present claim might have had on the earlier one, but whether the same facts are involved in both cases, so that the present claim could have been effectively litigated with the prior one." *In re Baudoin*, 981 F.2d 736, 743 (5th Cir. 1993).

*Kaiser Aerospace and Electronics Corp. v. Teledyne Industries, Inc. (In re Piper Aircraft Corporation)*, 244 F.3d 1289, 1301 (11th Cir. 2001).

Therefore, the court must compare the factual issues relevant to the confirmation hearing with the factual issues relevant to the TILA action. *See Ragsdale,* 193 F.3d at 1239. Are the "same facts . . . involved in both cases, so that the present claim could have been effectively litigated with the prior one"? *Baudoin*, 981 F.2d at 743. The court concludes in the negative.

11 U.S.C. §§ 1322 and 1325 set forth the criteria that a plan must meet in order to be confirmed. "Facts relating to these criteria are the only facts that *necessarily* are put at issue by the confirmation process." *Piper*, 244 F.3d at 1299. The res judicata effect of the confirmed plan "is premised on the notion that the bankruptcy court has addressed in the confirmed plan and order only those issues that are properly within the scope of the confirmation hearing." *Russo v. Seidler (In re Seidler)*, 44 F.3d 945, 948 (11th Cir. 1995).[8]

Issues properly within the scope of a confirmation hearing include, *inter alia*, good faith, feasibility, and satisfaction of the "bests interests" and "net disposable income" tests.[9] *See* 11 U.S.C. §§ 1322 and 1325.

---

[8] The *Russo* court expounded:

> While section 1327(a) may have a res judicata effect as to certain issues which were or should have been addressed in the confirmation process, we have found no authority indicating that section 1327 is capable of mooting . . . issues not decided within the confirmation order.

*Russo*, 44 F.3d at 948. *See also Agripost, Inc. v. Miami-Dade County*, 195 F.3d 1225, 1229 (11th Cir. 1999): "Under res judicata, a final judgment 'bars a subsequent suit between the same parties based upon the same cause of action and is conclusive as to all matters *germane thereto* that were or could have been raised.' *Hoechst Celanese Corp. v. Fry*, 693 So. 2d 1003, 1006 n. 9 (Fla. 3d DCA 1997)." (Emphasis added.)

[9] Because no objections were filed to the instant plan, the court actually made no findings of fact in confirming the chapter 13 plan. However, any

11

However, the factual issues in the TILA action were not germane to the criteria for confirmation and not properly within the scope of the confirmation order. In the TILA action, the debtor requests the court to determine whether the defendant made the requisite disclosures relating to GAP insurance so as to exclude the premium from the finance charge.[10]

In addition, the TILA action could not have been "effectively litigated" at the confirmation hearing due to the sheer number of cases on any one chapter 13 confirmation docket. *Piper*, 244 F.3d at 1301. Besides being prohibitive, litigating this action in conjunction with the confirmation hearing would be neither necessary nor an efficient use of the court's resources.

The court concludes that the TILA claim is not the same cause of action as that adjudicated by the confirmation order. Any argument to the contrary ignores the very limited extent to which the chapter 13 confirmation order adjusted the debtor/creditor relationship as well as the disparate natures of the factual issues germane to each. The court holds that res judicata does not bar the debtors' TILA claim.

Conclusion

For the foregoing reasons, the court concludes that only the request for attorney's fees, the affirmative relief requested by the debtors, is barred by the statute of limitations. Therefore, the motion to dismiss will be granted to that extent. The remainder of the complaint which requests relief by recoupment is not barred by the statute of limitations. Neither is the complaint barred by the doctrines of judicial estoppel and res judicata.

---

findings made would have been relevant only to the criteria for confirming the chapter 13 plan.

[10] The fact that the TILA claim and the creditor's claim on the note may arise out of the same transaction does not mean that the same facts are germane to each.

A separate order consonant with this memorandum opinion will enter separately.

Done this 28th day of June, 2007.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge


c: J. Kaz Espy, Attorney for Debtors
   Janine L. Smith, Attorney for Defendant
   Curtis C. Reding, Trustee

13